UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| UNITED STATES, | ) |
| Plaintiff, | ) Case No 98-CR-20060 |
| v. | ) |
| DELWIN BROWN, | ) |
| Defendants. | ) |

**OPINION**

This case is before the court on a *pro se* Motion to Quash Warrant Issued from a Previous Judgment (#142). In his motion, Defendant requested that this court issue an order to 1) quash warrant for supervised release violation; 2) issue a new court date after his release from incarceration; and 3) bring him before a magistrate judge to address his supervised release violation. Because there is neither a statutory nor a Constitutional due process right to a speedy revocation hearing before the warrant is executed, Defendant's motion (#142) is DENIED.

On April 2, 1999, Defendant received a sentence of 292 months for possession with intent to distribute cocaine base. The defendant's sentence was reduced twice, finally resulting in 155 months imprisonment. On August 11, 2010, Defendant was released under supervision of the U.S. Probation Department. On January 4, 2012, the defendant was arrested by Champaign police for the offense of Driving on a Revoked License, Resisting a Peace Officer, Aggravated Fleeing and Aggravated Battery. As a result of that arrest, the probation office petitioned the

Court for an arrest warrant on a petition to revoke supervision due to a law violation. The warrant was signed and issued by the Court on January 6, 2012. On March 22, 2012, Defendant pled guilty to Resisting a Peace Officer in the Champaign County Circuit Court and was sentenced to five years in the Illinois Department of Corrections. Defendant is currently serving his sentence in the Centralia Correctional Center. His projected parole date is July 3, 2014. However, the warrant issued by this court for the petition alleging a supervised release violation is still outstanding.

Defendant states that he is unable to apply for the work-release program while an active warrant is pending. Normally, a motion to quash an arrest warrant arises on the allegation that the warrant was issued improperly. *Albrecht v. United States*, 273 U.S. 1, 10 (1927). That is not what Defendant alleges here. Instead of challenging the procedures of how his warrant was issued, he seeks rather to either abrogate it entirely (but providing neither legal nor factual grounds), or, more reasonably, to accelerate his revocation hearing. Therefore, this court construes his "Motion to Quash Warrant" as a motion for a revocation hearing. In response, the Government argues that Defendant is not entitled to the execution of the warrant. This court agrees with the Government.

First, Defendant has no Constitutional due process right to a prompt parole revocation hearing when a warrant to revoke supervision is issued but not served on him. *Moody v. Daggett*, 429 U.S. 78, 79 (1976). In *Moody*, the Supreme Court held that although the conditional freedom of a parolee generated by statute is a protected liberty interest, any loss of liberty resulting from the parole violation is not triggered until the parolee is taken into custody on that warrant. *Id*. at

85-87. Accordingly, there is "no constitutional duty to provide petitioner an adversary parole hearing until he is taken into custody as a parole violator by execution of the warrant." *Id*. at 89.

Second, Defendant is not entitled to a speedy revocation hearing, much less to have his warrant quashed, either by statute or rule promulgated by the Supreme Court. United States Code Title 18, Section 3606, provides that a person on supervised release "shall be taken without unnecessary delay before the court having jurisdiction over him", but such provision is conditioned upon probable cause to believe that such person has violated a condition of his probation or release and his subsequent arrest. Similarly, Federal Rule of Criminal Procedure 32.1(b)(1)(A) requires that " a magistrate judge must promptly conduct a hearing to determine whether there is probable cause to believe that a violation occurred", but only if that person is " in custody for violating a condition of probation or supervised release." *See also United States v. Scott*, 850 F.2d 316 (7th Cir. 1988); *Evans v. Thurmer*, 278 F. App'x 679, 681 (7th Cir. 2008) (unpublished) ("a parole-revocation hearing may be deferred until after an intervening term of imprisonment has expired") (citing *Moody*). Because Defendant was arrested while on supervised release for driving on a revoked license, resisting a peace officer, aggravated fleeing, and aggravated battery, and was sentenced to five years for resisting a peace officer, no part of his arrest was the result of violating the conditions of his supervised release. Accordingly, neither of those two provisions applies to Defendant. Further, for the same reason, the *Barker* balancing test is not applicable. *See United States v. Scott*, 850 F.2d 316, 319-21 (7th Cir. 1988) (discussing *Barker v. Wingo*, 407 U.S. 514 (1972)); *United States v. Escobar-Izaguirre*, 2:09 CR 110, 2011 WL 3321304 at *4-6 (N.D. Ind. Aug. 1, 2011).

Last, Defendant has not shown that a delay in execution of the warrant will cause him any prejudice. He is not scheduled for release until July 13, 2014, and he argues that he seeks to "gain social and financial stability through the work-release program upon re-entry into society." Defendant's release date is not for another 20-some months as of the date of this opinion (or 25 months from the date of his filing.) Thus, it is premature. He also has not shown that he would have been entitled to work-release status but for the warrant. And even if he argues that he may gain better work opportunities within the institution without the pending warrant, he has no such right to employment while incarcerated, much less to a "better paying" job. *Wallace v. Robinson*, 940 F.2d 243, 244-45 (7th Cir. 1991).

IT IS THEREFORE ORDERED THAT:

(1) Defendant's MOTION (Petition) to Quash Warrant Issued from a Previous Judgment(#142) is DENIED.

ENTERED this 17th day of October, 2012

s/ Michael P. McCuskey

MICHAEL P. McCUSKEY
U. S. DISTRICT JUDGE